# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**LANDMARK AMERICAN INSURANCE COMPANY,**

         **Plaintiff,**

-vs-                                   **Case No.  2:07-cv-480-FtM-99DNF**

**HACIENDA VILLAGE HOMEOWNERS ASSOCIATION, INC.,**

         **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL APPRAISAL (Doc. No. 56)**
>
> **FILED:**      **June 26, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**    **REQUEST FOR ORAL ARGUMENT (Doc. No. 57)**
>
> **FILED:**      **June 26, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This is an action which involves an insurance claim brought by the Defendant, Hacienda Village Homeowners Association, Inc. ("Hacienda") against the Defendant, Landmark American Insurance Company ("Landmark") for payment of benefits for damage which allegedly occurred due to Hurricane Wilma in October 2005.  Landmark denied the claim and brought this action against Hacienda for declaratory relief for the court to determine the rights, benefits, responsibilities and obligations of the parties.   Hacienda is requesting that the Court compel the appraisal clause in the insurance policy between Hacienda and Landmark.  Hacienda asserts that while the Court addresses the coverage issues and resolves them, the parties should begin the appraisal process as set forth in the policy to determine the damages.   Landmark contends that the Court must first determine the coverage issues before determining if an appraisal is appropriate.

Hacienda asserts that the insurance policy provides the following language regarding an appraisal:

> E. LOSS CONDITIONS . . .
> 2.  Appraisal
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. . . .

(Exh. to Doc. 1-3, p. 18).  Hacienda contends that there is a disagreement between Hacienda and Landmark regarding the amount of covered loss, and therefore, an appraisal is appropriate at this time.

Landmark responds that it fully denied the claim.  Landmark asserts that Hacienda is seeking coverage for property in which it lacked insurable interest, Hacienda made misrepresentations of material facts concerning the loss, Hacienda failed to provide timely notice of the loss, and Hacienda failed to provide documentation for the claim.  Landmark asserts that the loss was not a covered loss and therefore, an appraisal is not appropriate.

A challenge to coverage is a judicial issue and not one for the appraisers. *Johnson v. Nationwide Mutual Insurance Company*, 828 So.2d 1021, 1025 (Fla. 2002) (citing *Midwest Mutual Insurance Co. v. Santiesteban*, 287 So.2d 665 (Fla. 1974)).  When a court determines that coverage exists, then the determination of the amount of damage made in the appraisal process is binding on the parties. *Id*.  If the insurer admits to a covered loss, and there is a disagreement as to the amount of loss, then it is for the appraisers to determine the amount to be paid. *Id*. (citing *State Farm Fire & Casualty Co. v. Licea*, 685 So.2d 1285, 1287-88 (Fla. 1996).  However, the issue of whether a claim is covered by an insurance policy is a judicial question and not one for the appraisers. *Id*.

In the instant case, Landmark asserts that there is no coverage for the loss claimed by Hacienda. If Landmark prevails, then there is no dispute as to the amount of loss and it would be zero. The Court determines that compelling an appraisal at this stage in the litigation would be premature. If the Court determines there is a covered loss, then at that time, if appropriate, the appraisal process could be invoked. The Court respectfully recommends that the Motion to Compel Appraisal be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __28th__ day of August, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record